# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE WOMACK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:20-cv-82 ) Judge Stephanie L. Haines |
| WAL-MART STORES EAST, L.P., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF COURT

This is an employment discrimination case brought by Michelle Womack ("Plaintiff") against her former employer, Wal-Mart ("Defendant"), alleging that Defendant violated her rights under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"). Presently before the Court is Defendant's motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) [Doc. 34]. For the following reasons, Defendant's motion to dismiss will be granted, and this case will be dismissed with prejudice.

### I.      Background

Plaintiff filed her complaint on April 23, 2020 [Doc. 1], and Defendant filed an answer on August 17, 2020 [Doc. 11]. Following an initial Rule 16 case management conference on September 23, 2020, the Court entered an initial scheduling order [Doc. 19], and the case proceeded to discovery.

On March 2, 2021, the Court held a telephone status conference at the parties' behest to discuss a discovery dispute. Defense counsel indicated that Plaintiff had not fully disclosed requested discovery documents and had failed to appear at a second deposition. Plaintiff's counsel advised that he had been unable to contact Plaintiff, and that she had been unresponsive to emails,

1

telephone calls and a letter, which further caused the cancellation of a scheduled mediation [Doc. 26]. Following the conference, the Court granted the parties' motion to extend time to complete discovery [Doc. 28], and reset the post-discovery status conference for April 28, 2021.

On March 18, 2021, Plaintiff's counsel filed a motion to withdraw due to a breakdown in communication and cooperation [Doc. 31]. Counsel indicated that his last conversation with Plaintiff had been on February 19, 2021, and that he had repeatedly but unsuccessfully attempted to follow up with her via telephone and email on numerous occasions. On March 22, 2021, the Court entered an order [Doc. 32] granting counsel's motion to withdraw due to a breakdown in communication and cooperation between counsel and Plaintiff [Doc. 32]. The order further granted Plaintiff 30 days to retain new counsel. A copy of the order was sent to Plaintiff by mail to her last known address as provided by her former counsel. The Court received no response from Plaintiff to that order and no counsel has entered an appearance on her behalf.

The Court proceeded with the scheduled post-discovery status conference on April 28, 2021. Prior to the conference, the Court sent an email to Plaintiff's last known email address as provided by her former counsel, providing her with the Zoom link for the conference, and advising her that her participation was mandatory. Plaintiff failed to appear for the post-discovery status conference. In light of Plaintiff's failure to appear, the Court left it to defense counsel as to how to proceed [Doc. 33].

On June 11, 2021, Defendant filed the pending motion to dismiss for failure to prosecute [Doc. 34]. That same day, the Court issued an order directing Plaintiff to show cause in writing by July 2, 2021, as to why Defendant's motion should not be granted and this case should not be dismissed with prejudice for failure to prosecute. To date, Plaintiff has not responded to the show cause order, and the time to do so has expired.

## II. Standard

A plaintiff's failure to prosecute an action renders it subject to involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b), which provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See, e.g., Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 230 (3d Cir. 1998) *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors set out in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1994), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). These six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and, (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868.

The Court of Appeals for the Third Circuit has recognized that "no single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373.

Moreover, the district court is in the best position to weigh all of the *Poulis* factors and any other pertinent matters, and its decision to dismiss or not therefore is entitled to a great deal of deference. *Mindek*, 964 F.2d at 1373.

### III. Discussion

With the above principles as its guidepost, this Court will review the *Poulis* factors in this case, *seriatim*.

(1) **The extent of the party's personal responsibility**. The Court finds that Plaintiff bears sole responsibility for the failure to cooperate with discovery, the failure to communicate with her former counsel, the failure to obtain new counsel, the failure to appear at the post-discovery status conference, and the failure to respond to the show cause order. Therefore, this factor weighs significantly in favor of dismissal.

(2) **Prejudice to the adversary**. The Court notes that Plaintiff's failure to cooperate with discovery and her failure to appear for a second deposition resulted in the cancellation of a scheduled mediation and the necessity for an extension of the discovery deadlines. The resultant delays have somewhat prejudiced Defendant, and this factor also weighs in favor of dismissal.

(3) **History of dilatoriness**. Since February 19, 2021, Plaintiff has failed to communicate with her former counsel and likewise has ignored numerous directives from this Court. Both her former counsel and the Court have reached out to her via mail and email on multiple occasions to no avail. Plaintiff's failures are sufficient evidence to suggest to this Court that she has no intention of proceeding with this case at all, let alone in a timely fashion. This factor also weighs heavily in favor of dismissal.

(4) **Whether the conduct of the party or the attorney was willful or in bad faith**. There is no indication on the record that any of Plaintiff's failures were the result of "excusable neglect."

*Poulis*, *supra*. Rather, Plaintiff has been given numerous opportunities to get this case back on track, and has failed to respond to direct communications and warnings from the Court. This factor too weighs in favor of dismissal.

(5) **Effectiveness of sanctions other than dismissal**. It is readily apparent to the Court that Plaintiff has lost interest in pursuing this action, and therefore it would seem that no sanction short of dismissal would be effective in renewing her interest in her own case. As there appears to be little to nothing else that can be done to induce Plaintiff to prosecute this matter, this factor likewise weighs in favor of dismissal.

(6) **Meritoriousness of the claim or defense**. As discovery has not been completed, the Court is unable to determine at this time the potential meritoriousness of Plaintiff's claims or any defenses which Defendant may have to those claims. Because discovery could not be completed due to Plaintiff's unresponsiveness, this factor weighs in favor of dismissal as well.

**IV.     Conclusion**

It is clear to this Court that Plaintiff has lost interest in pursuing this case. She ceased cooperating in discovery and communicating with her former counsel. Despite the efforts of the Court to contact her, she failed to obtain new counsel, failed to appear for a scheduled status conference, and failed to comply with the Court's show cause order. In light of the foregoing, the Court finds that the *Poulis* factors weigh heavily in favor of involuntary dismissal of this case with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Accordingly, the following order is entered:

**ORDER OF COURT**

AND NOW, this 9th day of July, 2021, for the reasons set forth in the memorandum above, IT IS ORDERED that the motion to dismiss for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b) [Doc. 34] filed by Defendant Wal-Mart Stores East, L.P., hereby is **granted**; and,

IT FURTHER IS ORDERED that this case hereby is **dismissed with prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court shall mark this matter closed.

    s/Stephanie L. Haines
Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record